11-3541
Odom v. Doar

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of September, two thousand twelve.

PRESENT:
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> > *Circuit Judges,*
> JOHN GLEESON,
> > *District Judge.*[*]

_____

Curtis Odom,

> *Plaintiff-Appellant,*

> v.                                                      11-3541

Robert Doar, Commr. New York City
Human Resources Administration,
Mattye Gandel, Office of Collective
Bargaining,

> *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**      Curtis Odom, *pro se*, Brooklyn, NY.

---

[*]Judge John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

| | |
|---|---|
| **FOR DEFENDANT-APPELLEE ROBERT DOAR:** | Fay Ng, Assistant Corporation Counsel (Pamela Seider Dolgow, James L. Hallman, *on the brief*) *for* Michael A. Cardozo, Corporation Counsel for the City of New York, New York, NY. |
| **FOR DEFENDANT-APPELLEE MATTYE GANDEL:** | William D. Buckley, Garbarini & Scher, P.C., New York, NY. |

Appeal from the judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Curtis Odom, *pro se*, appeals from the district court's judgment dismissing his discrimination claims brought pursuant to Title VII of Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290-97; and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8-101 *et seq.* Odom asserts that his former employer, the New York City Human Resources Administration (the "Administration"), discriminated against him by terminating his employment in October 2007 on the basis of his race and sex.[**] We assume the parties' familiarity with the facts, the procedural history of the case, and the issues on appeal.

---

[**]On appeal, Odom has abandoned his claims against Defendant Mattye Gandel.

As a precondition to filing an action in federal court under Title VII, a litigant must first have filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(e)(1); *Francis v. City of New York*, 235 F.3d 763, 766-67 (2d Cir. 2000). "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Francis*, 235 F.3d at 767 (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)) (internal quotation marks omitted). In New York, the statute of limitations for filing a charge with the EEOC is 300 days. *See* 42 U.S.C. § 2000e-5(e)(1); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998) (abrogated on other grounds).

Here, the most recent alleged discriminatory action, Odom's termination, occurred on October 22, 2007. Because Odom's EEOC complaint was not filed until nearly three years later, in August 2010, it was untimely under Title VII's 300-day statute of limitations. Similarly, because Odom did not file his federal complaint until January 2011, his claims brought under the New York State Human Rights Law and the New York City Human Rights Law, both of which have a three-year statute of limitations, are also time-barred. *See* N.Y. C.P.L.R. § 214(2); N.Y.C. Admin. Code § 8-502(d); *see also Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 238 (2d Cir. 2007).

3

On appeal, Odom argues that the above time limits should be equitably tolled.  This argument, however, was never presented to the district court and it is a well-established general rule that a court of appeals will not consider an issue raised for the first time on appeal.  *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976); *Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005) (citing *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 103 (2d Cir. 2004)).  While this rule is not inflexible, and we may in our discretion disregard it when necessary to remedy a manifest injustice, *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 527 (2d Cir. 1990), Odom has not adequately explained why he did not raise this issue in the district court after the Administration explicitly moved to dismiss his complaint as time-barred.  The complaint, therefore, was appropriately dismissed as time-barred.

We have considered all of Odom's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4